**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DIAMOND GRADING TECHNOLOGIES LLC | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:14-cv-1161 **JURY TRIAL DEMANDED** |
| AMERICAN GEM SOCIETY and AMERICAN GEM SOCIETY LABORATORIES, LLC | § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Diamond Grading Technologies LLC ("Diamond Grading" or "Plaintiff") files this Original Complaint against American Gem Society ("AGS") and American Gem Society Laboratories, LLC ("AGS Labs" and collectively with AGS, "Defendants") for the infringement of U.S. Patent No. RE44,963 ("the 'RE963 Patent").

**THE PARTIES**

1. Diamond Grading Technologies LLC is a Texas limited liability company with its principal place of business at 2400 Dallas Parkway, Suite 200, Plano TX 75093.

2. AGS is a Nevada corporation headquartered at 8881 W. Sahara Ave., Las Vegas, NV 89117. AGS conducts business in the State of Texas and within the Eastern District of Texas. AGS does not maintain registered agent for service of process in Texas or a regular place of business in Texas, and this lawsuit arises in whole or in part from its business in Texas. American Gem Society's agent for service is the Texas Secretary of State under the Texas Long Arm Statute.

3. AGS Labs is a Nevada Limited Liability Company headquartered at 8881 W. Sahara Ave., Las Vegas, NV 89117. AGS Labs conducts business in the State of Texas and within

1

the Eastern District of Texas. AGS Labs does not maintain registered agent for service of process in Texas or a regular place of business in Texas, and this lawsuit arises in whole or in part from its business in Texas. AGS Labs' agent for service is the Texas Secretary of State under the Texas Long Arm Statute.

## JURISDICTION AND VENUE

4. Diamond Grading brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-85, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants are deemed to reside in this judicial district, have committed acts of infringement in this judicial district, have purposely transacted business involving their accused products in this judicial district and/or, have regular and established places of business in this judicial district.

6. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their past infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## PATENT INFRINGEMENT

7. The value of a diamond depends on the quality of four main variables: color, clarity, carat weight and cut. Of these, cut is one of the most important and, historically, one of the least understood.

8. On October 12, 1999, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 5,966,673 ("the '673 Patent"), entitled "System and Method for Computerized Evaluation of Gemstones" after full and fair examination. The '673 Patent relates generally to a system and method for computerized grading of the cut of a gemstone.

9. On June 24, 2014, the USPTO reissued the '673 Patent as the 'RE963. A true and correct copy of the 'RE963 Patent is attached as Exhibit A.

10. Paul T. Shannon, Sr. ("Shannon") invented the technology described and claimed in the '673 Patent and the 'RE963 Patent. Shannon assigned both patents to Diamond Technologies, Inc. ("Diamond Technologies"). Plaintiff Diamond Grading has been granted an exclusive license of the '673 Patent, including a license to any reissues of the '673 Patent that includes the 'RE963 Patent, from Diamond Technologies, Inc. With ownership of all substantial rights in the 'RE963 Patent, Diamond Grading has the right to exclude others and to enforce, sue and to recover all damages available under law, including past and future damages. Diamond Grading also has the right to seek injunctive relief to prevent further infringement of the 'RE963 Patent.

11. Defendants were well aware of the '673 Patent after it issued. In 2001, Shannon attended a meeting in Philadelphia of a task force formed by Defendants and charged with establishing a computerized cut grading system for fancy cut diamonds. At this meeting, Shannon addressed the task force and stated that the methods and system claimed by his patent was superior to the technology under discussion by the group and offered to give a formal presentation of his technology to the task force. Shannon ultimately gave this presentation to the task force at the JCK show in Las Vegas, Nevada in June, 2002. During the presentation, he held up a copy of the '673 Patent and discussed it in reference to various aspects of his technology.

12. Among their activities, Defendants have developed the AGS Performance Cut Grade system that takes advantage of "revolutionary hardware and software" in considering a diamond's performance. According to the AGS Labs website, the key to this system "is leading-edge technology that traces light as it travels through a diamond." Defendants have also developed software that provides a method of estimating a cut grade that they distribute to third-party diamond cutters and retailers among others, including the AGS Proportion Based Diamond Cut Grade System and AGS Visual Proportion Analyzer (VPA). As a result, manufacturers and others can plan and, in effect, predict cut grades, diamond buyers can compare cut qualities, and retailers can communicate the effects of cut on round brilliant diamonds. Defendants charge a range of fees for evaluating diamonds, including grading the cut of stones.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. RE44,963)

13. Diamond Grading realleges paragraphs 1 through 12, which are incorporated herein by reference.

14. Diamond Grading is the exclusive licensee of the 'RE963 Patent with ownership of all substantial rights in the 'RE963 Patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past infringements.

15. The 'RE963 Patent is valid, enforceable against past infringements, and was duly issued in full compliance with Title 35 of the United States Code.

16. Defendants have directly infringed one or more claims of the 'RE963 Patent in this judicial district and elsewhere in Texas, including for example (but not limited to) at least Claims 1, 14, 16, 32, 34, 61, and 88, either literally or under the doctrine of equivalents, without the consent or authorization of Diamond Grading, by making, using, selling, and/or offering to sell in the United States infringing systems, including but not limited to the AGS Performance Cut Grade

system. Defendants actively induce others to infringe the 'RE963 Patent and/or contributes to infringement by others through at least, but not limited to the AGS Performance Cut Grade system. Defendants offer their infringing systems to third-parties who use this resource to infringe the patent by evaluating the cuts of gemstones. There are no substantial uses of the infringing systems that do not infringe the 'RE963 Patent.

17. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Diamond Grading and all predecessors in interest to the 'RE963 Patent complied with any such requirements.

18. Defendants have had actual knowledge of the 'RE963 Patent since at least the date on which they were served with a copy of this Complaint.

19. Diamond Grading has been damaged as a result of Defendants' infringing activities as set out generally above. Defendants are, thus, liable to Diamond Grading in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **MISCELLANEOUS**

20. Diamond Grading has satisfied all conditions precedent to filing this action, or any such conditions that have not been satisfied have been waived.

21. Through this pleading, Diamond Grading has not elected any one remedy to which it may be entitled, separately or collectively, over any other remedy.

## **JURY DEMAND**

Diamond Grading hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Diamond Grading requests that the Court find in its favor and against Defendants, and that the Court grant Diamond Grading the following relief:

a. That the Court issue a preliminary injunction against AGS and/or AGS Labs enjoining them from making, using, selling, or offering for sale in the United States any products, and from undertaking any processes or methods embodying the patented inventions claimed in the 'RE963 Patent during the pendency of this case.

b. That the Court issue a permanent injunction against AGS and/or AGS Labs enjoining them from making, using, selling, or offering for sale in the United States any products, and from undertaking any processes or methods embodying the patented inventions or designs claimed in the 'RE963 Patent.

c. Judgment that one or more claims of the 'RE963 Patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

d. Judgment that Defendants account for and pay to Diamond Grading all damages to and costs incurred by Diamond Grading because of Defendants' infringing activities and other conduct complained of herein;

e. That Diamond Grading be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f. That the Court find that Defendants have willfully infringed the 'RE963 Patent;

g. That the Court award to Diamond Grading enhanced damages of up to three times the amount of its actual damages;

h. That the Court award pre-judgment and post-judgment interest on such damages at the highest rates allowed by law; and

i. That Diamond Grading be granted such other and further relief as the Court may deem just, and proper under the circumstances.

Respectfully submitted,

By: */s/ Steven N. Williams*
**Steven N. Williams**
swilliams@mcdolewilliams.com
Texas Bar No. 21577625
**Kenneth P. Kula**
kkula@mcdolewilliams.com
Texas Bar No. 24004749
**William Z. Duffy**
zduffy@mcdolewilliams.com
Texas Bar No. 24059697
**McDOLE WILLIAMS**
A PROFESSIONAL CORPORATION
1700 Pacific Avenue, Suite 2750
Dallas, Texas 75201
(214) 979-1122 - Telephone
(214) 979-1123 – Facsimile

**ATTORNEYS FOR PLAINTIFF
DIAMOND GRADING TECHNOLOGIES LLC**